# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

IN RE:
**MARK J. TOCCALINE and
CHERRI A. TOCCALINE**                          Chapter   13

Petitioners                          Case No.  06-20218

**APPEARANCES:**

Glen Rosenberg, Esq.
Law Office of Glen Rosenberg,  90 Enfield Street,  Suite 204,  Enfield, CT 06082
Counsel for Petitioners

Andrew Cannella, Esq.
10 Columbus Boulevard,  6th Floor,  Hartford, CT 06106
Counsel for Molly T. Whiton, Esq., Chapter 13 Trustee

---

## RULING ON COURT'S MOTION TO DISMISS CASE

**KRECHEVSKY, U.S.B.J.**

I.

Mark J. Toccaline and Cherri A. Toccaline (together "the petitioners"), on March 31, 2006, filed a joint petition under Chapter 13 of the Bankruptcy Code. The Clerk's Office, on April 3, 2006, sent petitioners' counsel a "Deficiency Notice and Notice of Hearing" indicating, inter alia, the absence of a "Credit Counseling Certificate" required to be filed on the petition date; advising that failure to file such document may result in dismissal of the case; and establishing June 2, 2006 at 10 a.m. as a hearing date for the petitioners to appear and show cause why the court should not dismiss their case. The petitioners, on April 7, 2006, filed credit counseling certificates stating that they had, on April 4, 2006, received such counseling. The petitioners, on May 10, 2006, filed a certificate of exigent circumstances, stating:

> Our home was scheduled for a foreclosure sale on April 1, 2006. We
> filed chapter thirteen on March 31, 2006 after our efforts to refinance
> and avoid foreclosure were unexpectedly thwarted. In the rush to get
> the documents to Attorney Rosenberg, we were unable to take the
> counseling on time. We did have the counseling as soon as we possibly
> could.

On May 16, 2006, they filed an amended certificate of exigent circumstances ("the

amended certificate"), stating:

> Our home was scheduled for a foreclosure sale on April 1, 2006. We
> filed chapter thirteen on March 31, 2006 after our efforts to refinance
> and avoid foreclosure were unexpectedly thwarted. On March 31, 2006,
> prior to filing chapter thirteen we called Phoenix Right Start, a division
> of Money Management International, an approved credit counseling
> agency. We were unable to pay the $50.00 fee to Money Management
> International. Once obtaining the necessary funds, we called back the
> same agency on April 4, 2006. Please see letter from Money
> Management International attached hereto.[1]

The court continued the hearing scheduled for June 2, 2006 to June 27, 2006.

At the hearing, the Chapter 13 trustee objected to the amended certificate on the

grounds that the petitioners' request for counseling on the petition date failed to satisfy

the requirements of §109(h)(3)(A)(ii). The Chapter 13 trustee requested dismissal of

the petitioners' case. The petitioners and the trustee thereafter filed briefs in support

of their respective positions.

---

[1] The letter stated:
> On March 31, 2006, Mr. and Mrs. Toccaline contacted our agency to
> complete a Bankruptcy Counseling session. At that time the clients
> were advised of the $50.00 fee for this service. The clients stated they
> were unable to pay for this at that time and would call us back. On
> April 4, 2006, Mr. and Mrs. Toccaline contacted our agency again and
> at that time, did complete a Bankruptcy counseling session. A
> Certificate was issued to their attorney on the same date.

2

## II.

## DISCUSSION

### A.

Bankruptcy Code §109, defining who may be a debtor under the Bankruptcy Code, states in section (h)(1):

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. §109(h)(1).

The petitioners acknowledge that, although they received the required credit briefing on April 4, 2006, they did not receive it during the 180-day period preceding the filing of their petition. They urge the court, pursuant to §109(h)(3)[2], to grant them a post-petition extension to April 4, 2006 of the time for compliance with the credit counseling prerequisite. Section 109(h)(3) permits an extension of up to 45 days post-petition of the time for compliance with the credit briefing requirements of §109(h)(1), but only under narrowly circumscribed conditions where a potential debtor:

> submits to the court a certification that--
> (i)    describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii)    states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the

---

[2]  Section 109(h)(2) is not relevant in this proceeding.

**debtor made that request; and**

(iii)     **is satisfactory to the court.**

11 U.S.C. §109(h)(3)(A). Under the language of this section, the requirement of securing a prepetition credit briefing applies to the petitioners, unless the amended certificate satisfies each of these three requirements.

### B.

The court concludes that the sudden collapse of the petitioners' mortgage negotiations on the eve of the scheduled foreclosure sale constitutes circumstances sufficiently exigent to satisfy the requirements of the first requirement of the three-part test.

### C.

The second part of the test requires that the petitioners, before filing their petition, requested the credit briefing described in §109(h)(1), but that they were unable to obtain it within the 5 days following such request. The petitioners have certified that they requested the briefing prior to, but on the same day as, the filing of their petition. The trustee contends, ignoring for the moment that the petitioners did not receive the briefing on the date of the petition, that such request does not satisfy the second requirement of §109(h)(3)(A)(ii); that it must have occurred at least one day prior to filing the petition in order to be within the 180 day prepetition period of §109(h)(1). The petitioners contend that receipt of the briefing on the date of the petition is allowable. Both parties cite case law to support their positions. See In re Warren, 339 B.R. 475 (Bankr. E.D. Ark 2006) (credit counseling obtained prior to filing the petition, but on the same day, satisfies the requirements of §109(h)(1)). But see In re Mills, 341 B.R. 106 (Bankr. D.D.C. 2006) (credit counseling must be obtained no

later than one day before the petition date).  The court agrees with the reasoning of
<u>Warren</u> that a credit briefing received prepetition, but on the same day that the petition
is filed, satisfies §109(h)(1).  <u>Id.</u> at 480.  Accordingly, the court concludes that the
petitioners' request for credit counseling on the same date as the filing of the petition
was a timely request.

<b><u>D.</u></b>

There is, however, an additional requirement under §109(h)(3)(A)(ii) - that the
petitioners were unable to obtain the requested credit briefing within the 5-day period
following their request. The amended certificate and the attached letter from the credit
counseling agency indicate that the required credit briefing was available to the
petitioners on the petition date prior to filing, but that the petitioners did not receive
it because they "were unable to pay the $50.00 fee." Thus, the petitioners do not satisfy
§109(h)(3)A)(ii).[3]  <u>Cf.</u> <u>In re Wallert</u>, 332 B.R. 884, 890 (Bankr. D.Minn. 2005):

> Congress's goal seems to be to discourage the practice of hastily
> filing for bankruptcy, even if that be in the face of foreclosure,
> repossession, or garnishment, and to discourage debtors from deferring
> their first consideration of bankruptcy until the very eve of such decisive
> events in the exercise of creditors' remedies. . . .[B]ecause the
> requirements of the statute are so clear and so exacting on their face, and
> because they dovetail with a rational divination of congressional intent,
> it simply is not open to the courts to depart from their express terms.

---

[3]  Because the petitioners were able to obtain the credit briefing within 5 days of
their request therefor, the court need not consider whether the circumstance,
the petitioners' lack of funds to pay the fee, is within the contemplation of the
§109(h)(3) exemption. At least one court has held that it is not.  <u>In re Curington</u>,
2005 WL 3752229 (Bankr. E.D.Tenn. 2005).

5

## III.

## <u>CONCLUSION</u>

In accordance with the foregoing discussion, the court concludes that the petitioners' amended certificate fails to meet the criteria of §109(h)(3)(A) for an exemption from the prepetition credit briefing requirement, and that an order shall enter dismissing the petitioners' bankruptcy case, without prejudice to refile another petition for relief under the Bankruptcy Code. It is

SO ORDERED.

Dated at Hartford, Connecticut this 17ᵗʰ day of July, 2006.


ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

6